[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Town of Oxford has brought this action against the defendants, Albert L. and Hortense Arcuri, the owners of real property located at 25 Cheyenne Road in the Town of Oxford said property being the subject of this litigation. The Town is seeking to have the court enjoin the defendants from doing any further work on the building at that location and to remove the structure thereon. It is claimed that the defendants are in violation of various Cease and Desist orders directed against the defendants and for failing to remove said structure.
At the time the Arcuris acquired the property there existed thereon a dilapidated residential structure which predated the adoption of any zoning regulations by the Town of Oxford and was therefore a valid non-conforming use.
In May of 1994, Albert L. Arcuri obtained a remodeling permit to remodel the structure. A remodeling permit requires the permittee to remain within the dimensions of the existing structure, the so-called footprint of the then existing building. CT Page 5279 A footprint has been generally described as the outer perimeter of the building, that is, where the outer walls meet the ground.
Several Cease and Desist orders were issued against the defendants herein alleging that they have gone beyond the footprint of the original structure violating the restrictions of the permit thereby enlarging the non-conforming use and violating the set back requirements of the Oxford Planning and Zoning Regulations.
The defendant has denied the allegations of the complaint and claims by way of Special Defenses that the Cease and Desist Orders were dealt with on appeal to the Oxford Board of Zoning Appeals. In addition, the defendants claim that the enforcement of the orders is time barred. This latter issue has not been briefed by the defendant nor dealt with at trial therefore this court will not consider it in its decision.
The dispositive issue before us is whether the footprint of the original structure as it existed at the time the zoning regulations were adopted was violated, that is, extended beyond its outer perimeter.
None of the witnesses presented by the plaintiff can testify as to the location of the footprint that is the basis for their claims. There are no measurements or surveys locating the original building on the site. Reliance for the claim of "overworking" the footprint is based on the Tax Assessor's records. These records the defendant claims to be inaccurate. For example, on the right-hand side of Exhibit 7G, there appears a structure that does not show on the assessor's map. In addition, the assessor's records show a building alleged to consist of some 805 square feet. A calculation of the measurements on assessor's card shows this to be inaccurate. It does not consider an alcove or bump out to the bottom of the diagram. In addition, there is testimony from an Enforcement Officer that the Assessor's field card, the basis for the alleged footprint was inaccurate.
Other than the assessor's data, the only basis for the claimed enlargement is from the personal observations of various Building and Zoning officials, none of whom can testify as to the location of the initial footprint. There is some testimony that the footings that were required to be placed under the building were moved. This is contradicted somewhat by the statement that the Planning and Zoning Officials were of the opinion that these footings were pretty close to where the original footprint was. CT Page 5280
Based on the suggestion of these same officials the defendant applied to the Zoning Board of Appeals for a variance as to one of the side yard setbacks which variance was granted. This application was supported by the then Town Counsel and members of the Planning and Zoning Commission. In addition, the neighbors signed a petition in favor of the variance.
The Courts have repeatedly held that the issuance of an injunction rests in the sound discretion of the trial court.Anderson v. Latimer Point Management Corporation, 208 Conn. 256,262. "Restraining the action of an individual or a corporation by injunction is an extraordinary remedy, always to be exercised with caution, never without the most satisfactory reasons," Id. (internal citations omitted)
The court in Silitschann v. Groesbeck, 208 Conn. 312, 318
stated that, "It is not enough to show that the defendant has violated the zoning regulations. The plaintiff seeking injunctive relief bears the burden of proving facts which will establish irreparable harm as a result of that violation. . . . There was no demonstration of irreparable harm flowing from the construction of a commercial building larger than authorized in contrast to a smaller one. The issuance of an injunction is the exercise of an extraordinary power which rests within the sound discretion of the Court."
The plaintiff has not presented to the court sufficient evidence to show by a preponderance of the evidence that the defendants have gone beyond the footprint of the existing building. Not having sustained its burden of proof and finding no irreparable harm, the court denies the plaintiffs request for injunctive relief.
Judgment may enter in accordance with the above.
THE COURT ___________________ CURRAN, JTR